IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| KURVYN MINOR,<br><br>                                Petitioner,<br><br>v.<br><br>GENE M. JOHNSON, DIRECTOR,<br><br>                                Respondent. | Civil Action No. 3:08–CV–532 |

MEMORANDUM OPINION

THIS MATTER is before the Court on Gene M. Johnson's Motion to Dismiss the Petition for a Writ of Habeas Corpus filed by Kurvyn Minor (Docket No. 5). For the reasons stated below, Johnson's Motion shall be GRANTED, and Minor's Petition for Writ of Habeas Corpus shall be DENIED.

I. BACKGROUND

A. Factual Background

On September 29, 2000, at approximately 11:30 pm, Georgiana Cooley was walking home from Richmond, Virginia. Kurvyn Minor approached her in his car and offered her a ride. Cooley initially accepted, but when Minor told her he wanted to take her to his home in Hanover County, she rejected the offer. Minor pulled out a knife, held it to her throat, and forced her into his car. Minor proceeded to drive to a wooded area in Hanover County where he forcibly removed Cooley from the car, told her to remove

her clothes, and then raped and sodomized her. Afterwards, Minor drove away, leaving Cooley naked from the waist up. Cooley walked to a nearby house where she called the police. No forensic evidence connected Minor to the crime.

Minor disputes these allegations, asserting that Cooley asked him for a ride, and he obliged. He stated that Cooley smoked crack in his car, and when he objected, he asked her to exit the vehicle. Minor testified at trial that he was a drug dealer and in the past, he had exchanged drugs for sex with Cooley. Minor insists that he did not rape or sodomize her, and is therefore innocent of this crime.

A jury trial was held in October 2004, in Hanover Circuit Court. Both Cooley and Minor testified at Minor's trial. Minor was convicted of rape, robbery, abduction, and forcible sodomy, and was sentenced to life imprisonment for rape, fifty years for robbery, ten years for abduction, and five years for sodomy.

B.  Legal Background

The Court of Appeals of Virginia denied Minor's appeal on October 20, 2005 and January 31, 2006.[1] The Supreme Court of Virginia denied the petition for appeal and petition for rehearing on June 16, 2006 and September 22, 2006, respectively.

---

[1] The grounds for his appeal of his criminal conviction were: (1) Whether the trial court judge erred by failing to recuse himself from the proceedings given the pattern of prejudice, bias, and impropriety as it related to Minor; (2) Whether the trial court erred by allowing the Commonwealth to question Minor about whether he had a gun to protect his "criminal enterprise"; (3) Whether the trial court erred by allowing the Commonwealth to question Minor about unrelated offenses pertaining to prostitution; and (4) Whether the trial court erred by failing to grant Minor's Motion to Set Aside the Verdict.

Minor filed a pro se habeas petition in Hanover Circuit Court on September 20, 2007. The grounds of his original habeas petition were: (1) his trial attorney failed to investigate and subpoena certain defense witnesses; (2) his trial attorney did not object after realizing a juror had lied on voir dire and may have tainted the jury; (3) the trial judge should have recused himself; (4) the trial judge erred in not granting the Motion to Set Aside the Verdict; and (5) the trial judge allowed inadmissible and prejudicial testimony regarding Minor's possession of a firearm and offenses relating to prostitution. The Hanover Circuit Court denied the petition on November 30, 2007. Petitioner appealed the case to the Virginia Supreme Court, alleging that (1) the trial court erred in dismissing the petition for a writ of habeas corpus without ordering an evidentiary hearing, and (2) the trial court erred in finding that trial counsel was not ineffective. The petition for appeal was denied on May 27, 2008. Petitioner properly filed the current petition on August 20, 2008 on the same grounds.

## II. ANALYSIS

A. Standard of Review

A federal court may review a petition for a writ of habeas corpus by a person serving a sentence imposed by a state court only on the ground that the person is being held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The federal court may grant the petition on a claim decided on its merits by the state court only if that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A decision is "contrary to" federal law if it resolves a question of law in a way that contradicts the relevant Supreme Court precedent, or if it yields a result that differs from the outcome of a Supreme Court case involving "materially indistinguishable" facts. Williams v. Taylor, 529 U.S. 362, 405–06, 413 (2000). A decision applies federal law unreasonably if it is based on the correct legal principle but applies that rule unreasonably to the facts of a case. Id. at 413. Whether a decision is reasonable is determined by an objective, not subjective, test. Id. at 409–10. The question is not "whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 127 S. Ct. 1933, 1939 (2007) (citing Williams, 529 U.S. at 410). Finally, a federal court is to presume the correctness of the state court's finding of the facts, and not find an "unreasonable determination" of the facts, unless the petitioner rebuts the presumption that the state court's findings were incorrect by clear and convincing evidence. Schriro, 127 S. Ct. at 1939.

Thus, under § 2254(d), if a state court applies the correct legal rule to the facts of a case in a reasonable way, or makes factual findings reasonably based on the evidence presented, a federal court does not have the power to grant a writ of habeas corpus, even if the federal court would have applied the rule differently. Williams, 529 U.S. at 406–08.

B. Ineffective Assistance of Counsel

A person charged with a crime is entitled to be represented effectively by an attorney, Strickland v. Washington, 466 U.S. 668, 685–86 (1984), at every "critical stage" of the proceedings against him. Kirby v. Illinois, 406 U.S. 682, 690 (1972). A petitioner alleging that his attorney did not assist him effectively must show that the attorney (1) made serious errors that (2) prejudiced his defense. Strickland, 466 U.S. at 687. Thus, the petitioner must show that his attorney's performance "fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694. In evaluating counsel's conduct, a court must "indulge a strong presumption that [the conduct] falls within the wide range of reasonable professional assistance." Id. at 689; see United States v. Dyess, 478 F.3d 224, 238 (4th Cir. 2007) (ruling that attorneys are presumed to have "rendered objectively effective performance").

Petitioner asserts that his trial attorney, Mr. Brent Jackson, failed to call certain witnesses who would have provided testimony that the victim in this case, Cooley, was a prostitute, a drug user, and contrary to her testimony, knew Petitioner before the event in question. In support of this proposition, Petitioner alleges that Jackson secured affidavits from these witnesses after trial, proving that finding and securing these witnesses was possible. (Pet'r's Federal Habeas Petition: Writ of Habeas Corpus for Prisoner in State Custody ¶¶ 69, 70, 78.) As further evidence, Petitioner avers that

5

the judge's question about possible defense witnesses and counsel's answer, "They'll be here tomorrow," indicates that counsel understood Petitioner's wish that more than one witness be called in his defense, but ultimately only Petitioner and one other witness testified for the defense.  (Pet'r's Resp. to Mot. to Dismiss ¶ 16.)

Respondent contends that Petitioner's argument fails to meet the Strickland standard.  First, Respondent challenges that the witnesses' testimony at trial may have been barred altogether by the Rape-Shield Statute, and even if it had been admitted, it is likely their credibility would have been impeached.  (Resp't's Rule 5 Answer and Mot. to Dismiss 6.)  Further, Respondent notes that Jackson's alleged failure to call these witnesses was not unreasonable because at the pretrial hearing on the motion in limine to exclude evidence pursuant to Rape-Shield Statute, Minor testified that the victim exchanged drugs, money, and "sexual favors" with the victim for "over a year," (Trial Tr. vol. 1, 65–65, 67–68, October 4, 2004), but was unable to name anyone "other than himself who could testify" that Cooley was a "well-known prostitute." (Tr. 71.)  Lastly, Respondent challenges that the use of "[t]hey'll be here tomorrow," was proper because two witnesses testified for the defense at Minor's trial.

1.  Evidence of Cooley's prostitution was not professionally unreasonable to omit

Any evaluation of attorney performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Strickland, 466 U.S. at 689.  The courts are "obligated by law" not to use the benefit of hindsight in considering counsel's performance at the time of the alleged

6

error. United States v. Roane, 376 F.3d 382, 410 (4th Cir. 2004). A defendant challenging his counsel's conduct must clearly identify the acts or omissions that are supposedly not "the result of professional judgment." Id. Moreover, reasonableness must be considered in light of the "defendant's own statements or actions," because counsel's decisions are most often—and appropriately—based on information and facts provided by the defendant. Id. at 691. Reasonable investigation is a duty attributed to a criminal defense lawyer in the scope of being "reasonable [ ] under prevailing professional norms." Roane, 376 F.3d at 410 (citing Strickland, 466 U.S. at 688).

In the present case, even if Minor's allegations are true that he asked Jackson to subpoena and provide witnesses for trial and Jackson failed to do so, the record reflects that Minor admitted at the hearing, held the morning of trial, that he knew of no one who could testify to Cooley's alleged prostitution. (Tr. 71.) Accordingly, without using hindsight, it would have been reasonable for counsel to hear Minor's statement at the hearing and assume that any witness who was called for the purpose of testifying at trial to Cooley's prostitution would either not exist, or would be falsifying evidence before the court. It is true that individuals have since come forth who purport to have evidence of Cooley's prostitution, however, this Court deems it reasonable and within the scope of counsel's professional judgment that he would have relied on Minor's statement at the time and assumed that no one could corroborate his testimony.

Furthermore, the trial judge's ruling on the motion in limine specifically stated that, "If your client wishes to allege [a relationship of prostitution], I think that he is entitled to do so under [Virginia Code § 18.2-67.7(B) (the Rape Shield Statute)], but, you

know, <u>you don't even at this point have somebody that you can say he may come and may not come that's going to testify to that</u>, and I'm going to exclude it." (Tr. 119 (emphasis added).) Thus, it appears even the judge in this case made his ruling on the motion based on Minor's admission that he could not identify anyone who could testify to Cooley's alleged prostitution. This bolsters the argument that Minor's counsel was being reasonable by omitting the witnesses Minor asserts would have supported his testimony and controverted Cooley's testimony.

Lastly, much of the information Minor contends would have been helpful to him, would have likely violated the Virginia Rape Shield Statute. The affidavits contain numerous statements that Cooley is a prostitute, but these statements may have only come in for the purpose of attacking her character as an unchaste woman. (<u>See</u> Pl.'s Exs. 1–4.) For all of these reasons, this Court finds that counsel's decision to omit these witnesses was professionally reasonable, and therefore, not ineffective assistance of counsel.

<u>2. The other possibly admissible, yet omitted, testimony does not reach the level of ineffective assistance</u>

From the affidavits submitted with Petitioner's memorandum, there appears to be other evidence which may have been admissible at trial had the witnesses been called. One of the witnesses stated in her sworn affidavit that she had seen Minor with Cooley before the date in question, and the other three witnesses stated in their affidavits that they had seen Cooley purchase and use drugs in the past. (Pl.'s Exs. 1–4.) Some of the information contained within these affidavits could have come in to impeach Cooley's testimony without violating the Rape-Shield Statute. And, because

this case seems to have been decided mostly upon the credibility of the witnesses, the lack of impeachment evidence against Cooley may have had a result on the outcome. In this circumstance, counsel's actions are much closer to the line between reasonable and unreasonable professional judgment.

The Hanover Circuit Court concluded in their denial of Petitioner's habeas petition that calling witnesses is a matter of trial tactics, and therefore unreasonableness had not been demonstrated. (Order, Circuit Court of Hanover, Case No. CL07000747-00, Nov. 30, 2007, 3; Resp't's Answer 6.) A decision is deemed unreasonable and not simply tactical if it is "so unreasonable in light of the need for testimony that it amounts to a deprivation of an attorney who acted within 'the range of competence demanded of attorneys in criminal cases.'" Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977) (citing McMann v. Richardson, 397 U.S. 759 (1970)). It is arguable that Jackson decided that because all four of the proposed witnesses were incarcerated felons, the decision not to call these witnesses fell within the category of trial strategy or tactics, making the decision reasonable and therefore, not ineffective assistance.

Even if this Court were to believe that counsel's actions were not tactical, but fell within the scope of professional unreasonablilty, Petitioner has, nonetheless, failed to show how "but for" counsel's decision not to call these witnesses, the outcome would have been different. All of the proposed witnesses would have likely been impeached at trial given their then-current incarceration for felonies, thereby not providing the most reliable testimony. Additionally, as stated above, the testimony of these

witnesses may have been excluded altogether by the rules of evidence. When this issue was analyzed by the Hanover Circuit Court, that court noted, "It is only speculation that the trial court would have allowed these witnesses to testify and that their testimony would have been helpful to Minor's case." (Order, Circuit Court of Hanover, Case No. CL07000747-00, Nov. 30, 2007, 3.)

Petitioner has failed to provide any further evidence that "but for" counsel's inaction the result in this case would have been different, which could satisfy the prejudice prong of Strickland. For these reasons, the state court's determination that there was no violation of Minor's constitutional right to effective assistance of counsel was reasonable. Because this Court is limited to granting habeas relief to a state prisoner only when the state court's application of law or determination of facts is unreasonable, Respondent's Motion to Dismiss is GRANTED and Minor's Petition is DENIED.

C. Right to evidentiary hearing

The decision to grant an evidentiary hearing is left to the "sound discretion of district courts." Schriro, 127 S. Ct. at 1939; see 28 U.S.C. § 2254, Rule 8(a) ("[T]he judge must review the answer [and] any transcripts and records of state-court proceedings . . . to determine whether an evidentiary hearing is warranted"). A federal court must consider if the evidentiary hearing would provide the petitioner the opportunity to "prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro, 127 S. Ct. at 1240; see Mayes v. Gibson, 210 F.3d 1284, 1287 (10th Cir. 2000). The court must also consider the standards prescribed by § 2254

when considering whether an evidentiary hearing is appropriate. <u>Schriro</u>, 127 S. Ct. at 1240.

Petitioner requests an evidentiary hearing to present evidence that he asked his attorney to bring forth witnesses to impeach Cooley and prove why she would fabricate evidence against him. As discussed above, regardless of Minor's allegation that he asked his counsel to call these witnesses, he has failed to demonstrate that his counsel was ineffective, thereby entitling him to federal habeas relief. As a result, an evidentiary hearing is unnecessary because he cannot factually prove that he is entitled to relief. Therefore, Petitioner's request for an evidentiary hearing is DENIED.

### III. CONCLUSION

For the above reasons, Respondent's Motion to Dismiss shall be GRANTED and Minor's Petition shall be DENIED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and Petitioner.

> /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this __25th__ day of February 2009